IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. ANDERSON,<br><br>                Plaintiff,<br>v.<br><br>GARY R. HERBERT, et al.,<br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR EXPEDITED DISCOVERY and GRANTING AND DENYING IN PART PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME**<br><br>Case No. 2:13-cv-211-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

District Judge Robert J. Shelby has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court are the following motions: (1) Plaintiff's Motion to Appoint Counsel[2]; Plaintiff's Motion for Limited Expedited Discovery[3]; and two Motions for Extension of Time filed by Plaintiff.[4] The Court has carefully considered all pleadings, memoranda, and other materials submitted by the parties, as well as the law and facts relevant to these motions. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine these motions on the basis of the written memoranda and finds oral argument would not be helpful or necessary.[5]

---

[1] Docket no. 42.
[2] Docket no. 24.
[3] Docket no. 32.
[4] Docket nos 54 & 61.
[5] See DUCivR 7-1(f).

For the reasons set forth more fully below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel;[6] **DENIES** Plaintiff's Motion for Limited Expedited Discovery[7] and **GRANTS AND DENIES IN PART** Plaintiff's Motions for Extensions of Time.[8]

## BRIEF BACKGROUND

This case arises from Plaintiff's housing situation. Plaintiff, a single homeless male who is *pro se* and proceeding *in forma pauperis*,[9] filed his Complaint against various state and local officials and a local non-profit homeless service provider alleging discrimination in the disbursement of federal housing funds for the homeless.[10] To date, Plaintiff has been granted leave to amend his Complaint twice as his legal theories for relief have evolved.[11]

Generally, Plaintiff asserts Defendants discriminated against him in their use and disbursement of certain federal funds, specifically Emergency Solutions Grants ("ESG") due to his status as a non-married, non-mentally ill person. Plaintiff's Second Amended Complaint alleges that Defendants are discriminating against single individuals who are homeless and instead giving homeless families and individuals with mental illness priority for federal housing funds in violation of the Fair Housing Act. Plaintiff also alleges that Defendants' act of disbursing federal ESG funds to Defendant The Road Home violates the equal protection and due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiff further alleges that the Supremacy Clause of the U.S. Constitution has been violated by Defendant's enforcement of Utah Code Ann. § 35A-8-602 and seeks an injunction precluding its enforcement.

---

[6] Docket no. 24.
[7] Docket no. 32.
[8] Docket nos. 54 & 61.
[9] See docket no. 2.
[10] Docket no. 3.
[11] Docket nos. 20 & 30

# ANALYSIS

## A. Motion to Appoint Counsel

Plaintiff requests counsel be appointed for himself as well as for a proposed class action. Plaintiff seeks the appointment of counsel pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 3613(b).

Generally, as a civil litigant, Plaintiff has no constitutional right to counsel.[12] 28 U.S.C. § 1915, which pertains to proceedings *in forma pauperis* ("IFP Statute"), provides "[t]he court may request an attorney to represent any person unable to afford counsel."[13] However, the appointment of counsel under this statute is within the discretion of the court.[14] "The burden is upon the applicant requesting counsel to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[15] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by those claims.'"[16]

Here, the Court finds that Plaintiff has not met his burden for the appointment of counsel under the IFP Statute. First, as to the merits of litigant's claims, Plaintiff is correct that "…just because you file a motion to dismiss, doesn't mean your motion is going to be granted."[17] Therefore, at this stage in the litigation, prior to the Motions to Dismiss being fully briefed or decided, the Court finds that Plaintiff's claims are at least plausible and rise above the

---

[12] See Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989)(citing Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969)).
[13] 28 U.S.C. § 1915(e)(1).
[14] See McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[15] Id. (citing U.S. v. Masters, 484 F.2d 1251, 1253 (10th Cir. 1973).
[16] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).
[17] Docket no. 53 at 3.

speculative level.[18] However, once the Motions to Dismiss are fully briefed this may change. As to the nature of the factual issues contained in Plaintiff's Complaint, the Court agrees with Defendants that these issues are not overly complex. Next, the Court does not find Plaintiff to be incapacitated or unable to pursue this matter at this stage of the litigation. To the contrary, the Court finds Plaintiff to be well prepared and very articulate. In fact, upon review of Plaintiff's pleadings, the Court is quite impressed with the Plaintiff's ability to craft arguments and cite and apply legal authority appropriately. Therefore, on balance, the Court finds Plaintiff has not persuaded to Court to appoint counsel under the IFP Statute.

In addition to seeking the appointment of counsel under the IFP Statute, Plaintiff seeks the appointment of counsel pursuant to 42 U.S.C. § 3613(b)(1) which provides: "[u]pon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may—(1) appoint an attorney for such person…"[19] In determining whether to appoint an attorney under this statute, at least one district court in the 10th Circuit has indicted

> [a]lthough little case law exists on the appointment of an attorney by the court under 42 U.S.C. § 3613(b), the similar nature of the underlying legal actions and the similar statutory language permitting the appointment of an attorney, the Court finds case law on the appointment of an attorney under 42 U.S.C. § 2000e-5 to be instructive on applying the provisions of 42 U.S.C. § 3613(b).[20]

In the 10th Circuit, four factors must be considered by courts in making the decision whether to grant a Plaintiff's request for appointed counsel under 42 U.S.C. § 2000e-5: "(1) the plaintiff's financial ability to afford counsel; (2) his diligence in

---

[18] See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007)(internal citations omitted).
[19] 42 U.S.C. § 3613(b)(1).
[20] ZHU v. Countrywide Realty Co., Inc., 148 F.Supp.2d 1154, 1157 (D. Kan. 2001).

4

attempting to secure counsel; (3) the merits of his case; and (4) in close cases, the plaintiff's capacity to prepare and present the case without the aid of counsel."[21]

Here, although the Plaintiff has not submitted a separate financial affidavit which demonstrates his current financial status in relation to the Motion for Appointment of Counsel, it is clear based upon the Plaintiff's statements in a number of his pleadings that he is homeless and due to his uncertain employment status, does not have the financial ability to afford counsel. Second, Plaintiff has indicated that he has contacted various legal service providers for assistance with copying of his legal papers. However, Plaintiff has not presented sufficient evidence as to his efforts to secure counsel for his case. Next, as discussed above, Plaintiff, for the purposes of appointing counsel has presented a colorable claim at this stage of the litigation. Finally, the Court finds that Plaintiff is well equipped to present his case without the assistance of counsel.

Therefore, the Court denies Plaintiff's Motion for Appointment of Counsel. However, should the case survive the pending Motions to Dismiss, the Court reserves the right to appoint counsel for Plaintiff if fundamental fairness so dictates.

**B. Motion for Limited Expedited Discovery**

Plaintiff seeks expedited discovery and argues that good cause exists to allow for such discovery in order for Plaintiff to demonstrate to the Court that he is not the only individual being discriminated against by Defendants' actions. Therefore, according to Plaintiff, "[i]t is imperative that counsel be appointed because the Plaintiff is not licensed counsel and therefore is unable to represent these other victims, to bring about an end" to Defendants' discriminatory and illegal policies involving housing in the state of Utah.[22]

---

[21] Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).
[22] Docket no. 32 at p. 7-8.

Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"[23] unless authorized by a court order or agreement of the parties. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[24] Good cause exists "where a party seeks a preliminary injunction…or where the moving party has asserted claims of infringement and unfair competition.[25] Additionally, good cause is found "where physical evidence may be consumed or destroyed with the passing of time."[26]

Here, Plaintiff states that he wishes to conduct "limited" expedited discovery "for purposes of securing additional evidence that supports his Motion for Appointment of Counsel and to be used in amending such motion."[27] Plaintiff argues that "good cause" exists because unless he obtains additional discovery relating to Defendants' policies, procedures and communications, other individuals similarly situated to Plaintiff may not receive relief from this Court. Further, Plaintiff contends that because he is *pro se* he cannot represent a class action.

The Court finds Plaintiff's Motion to be problematic in a number of respects. First, notwithstanding the Court's denial of Plaintiff's Motion for Appointment of Counsel, Plaintiff has failed to demonstrate good cause exists to grant this motion and allow for early discovery in the case. Upon review of the documents Plaintiff seeks, it is evident that none of the typical situations that allow for expedited discovery are of concern in this case. Namely, Plaintiff is not seeking a preliminary injunction, brings no claims for infringement or unfair competition and no evidence has been presented that demonstrates evidence is at risk for being lost or destroyed.

---

[23] F.R.C.P 26(d).
[24] Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).
[25] Id.
[26] Id.
[27] Docket no. 32.

Moreover, the Court agrees with the Defendants that Plaintiff's discovery requests are not "limited" or "narrowly tailored" as required. Upon review, Plaintiff's discovery requests are arguably overbroad and quite burdensome for Defendants' to produce on an expedited basis. Further, it is not certain that such documentation would accomplish what Plaintiff is seeking to accomplish through his Motion. Therefore, for these reasons, in addition to denying Plaintiff's Motion for Appointment of Counsel, the Court denies Plaintiff's request for expedited discovery.

### C. Motions for Extensions of Time

Finally, through two Motions for Extensions of Time, it is clear that Plaintiff is not only seeking additional time to respond to the pending Motions to Dismiss, but Plaintiff also seeks additional time to perform additional research so he can amend his Complaint again. As noted above, the Court has twice allowed Plaintiff to amend his Complaint. In addition, through the instant Motions for Extensions of Time, Plaintiff has not brought a separate Motion for Leave to Amend as required by both the Federal and Local Rules of Civil Procedure[28] nor has Plaintiff attached a copy of his proposed Complaint to his Motions. Therefore, the Court finds that Plaintiff's "motion" to amend his Complaint is not properly before the Court at this time. However, although the Court will not make any decision as to this issue, the Court cautions Plaintiff that he will not be continually granted leave to amend his Complaint in order to introduce new theories in order to avoid dismissal of his case.

As to Plaintiff's request for additional time to respond to the Motions to Dismiss, all Defendants except the Salt Lake County Defendants have clearly indicated that they are unopposed to Plaintiff's request.[29] Also, based on the Plaintiff's housing situation and *pro se* status, the Court is sympathetic to his circumstances and will allow Plaintiff additional time to

---
[28] See F.R.C.P. 15; DUCivR 7-1(b)(1).
[29] The Salt Lake County Defendants did express that if allowed to amend his Complaint, Plaintiff should be given a strict deadline by the Court.

respond to the Motions to Dismiss. Therefore, the Court orders that Plaintiff shall have thirty days from the issuance of this Order in order to respond (but not to amend his Complaint) to the pending Motions to Dismiss.

## CONCLUSION & ORDER

For the forgoing reasons, **IT IS HEREBY ORDERED** that

1) Plaintiff's Motion to Appoint Counsel[30] is DENIED without prejudice. If this case progresses beyond the pending Motions to Dismiss and it appears that counsel may be needed to assist Plaintiff, the Court will again consider appointing an attorney to appear pro bono on Plaintiff's behalf. Accordingly, <u>no further motions for appointed counsel shall be accepted by the Court</u>.

2) Plaintiff's Motion for Limited Expedited Discovery[31] is DENIED.

3) Plaintiff's Motions for Extension of Time are GRANTED IN PART AND DENIED IN PART. The Court finds that a Reply Memorandum for the Motion to Appoint Counsel and Motion for Limited Expedited Discovery are unnecessary. However, Plaintiff shall have thirty days from the issuance of this Order in which to respond to the Defendants' Motions to Dismiss. However, Plaintiff will not be allowed to Amend his Complaint without bringing a formal Motion to Amend. Lastly, Plaintiff is directed to follow both the local and federal rules of Civil Procedure for all future motions brought before the Court.

---

[30] Docket no. 24.
[31] Docket no. 32.

**IT IS SO ORDERED.**

      DATED this 30 January 2014.

                                        Brooke C. Wells
                                        United States Magistrate Judge