IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY R. HERBERT, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:13-cv-00211<br><br>Judge Robert J. Shelby |

Plaintiff Michael T. Anderson filed this action to remedy alleged discriminatory practices in homeless housing.[1] As the case proceeded, Mr. Anderson amended his complaint on two separate occasions.[2] He now seeks an extension of time to develop additional claims and evidence prior to filing a contemplated Third Amended Complaint.[3] In the interim, Mr. Anderson has declined to respond to several motions to dismiss pending since September 2013.[4]

Mr. Anderson's case has been referred to Magistrate Judge Brooke C. Wells, pursuant to 28 U.S.C. § 636(b)(1)(B). The court, however, has withdrawn the reference of Mr. Anderson's motion for additional time, because consideration of the motion in conjunction with a related objection to a recent Memorandum Decision and Order issued by Judge Wells will promote a "just, speedy, and inexpensive" determination of this dispute.[5]

---

[1] Dkt. No. 3.

[2] *See* Dkt. Nos. 30, 31.

[3] Dkt. 70.

[4] *See* Dkt. Nos. 37, 50, 51, 54, 57, 61.

[5] Fed. R. Civ. P. 1.

After careful consideration and for the reasons set forth below, Mr. Anderson's motion (Dkt. 70) is **GRANTED IN PART** and **DENIED IN PART**, and the court **OVERRULES** his objection (Dkt. 69). Furthermore, the court **ORDERS** that the deadline for Mr. Anderson to submit memoranda in opposition to the pending motions to dismiss and motion to strike will be forty-five (45) days from the date of this Order.

## BACKGROUND

In his Second Amended Complaint, Mr. Anderson seeks declaratory and injunctive relief against Governor Gary R. Herbert, Michael Akerlow, Michael Gallegos, Salt Lake County, Salt Lake City, and The Road Home, a homeless shelter located in Salt Lake City, Utah.[6] Mr. Anderson alleges that Defendants violated the Federal Housing Act, the United States Constitution, and the Utah Constitution by discriminating against individual homeless persons, such as Mr. Anderson.[7] Mr. Anderson avers that Defendants impermissibly distributed allocated federal monetary assistance on the basis of an applicant's family size or mental health status.[8] Finally, Mr. Anderson requests that the court certify this case as a class action for similarly situated homeless persons.

In September 2013, Defendants Governor Herbert, Michael Akerlow, Salt Lake City, and The Road Home filed motions to dismiss.[9] Defendants Salt Lake County and Michael Gallegos jointly filed a motion to strike allegations in the Second Amended Complaint.[10] In lieu of responding to the motions, Mr. Anderson filed two motions for extension of time, requesting

---

[6] Dkt. 23-1.
[7] *Id.*
[8] *Id.*
[9] Dkt. Nos. 37, 50, 57.
[10] Dkt. No. 51.

additional time in order to conduct research and fact discovery.[11]  Mr. Anderson argued that this additional research was necessary for the filing of a possible Third Amended Complaint.  Mr. Anderson has not yet filed a proposed Third Amended Complaint or a formal Motion to Amend.[12]

On January 30, 2014, Judge Wells issued a Memorandum Decision and Order that resolved several motions filed by Mr. Anderson, including his motions for extension of time.  After evaluating the factors set out by the Tenth Circuit, Judge Wells denied without prejudice Mr. Anderson's request to appoint counsel,[13] and denied Mr. Anderson's motion for expedited discovery, in part because Mr. Anderson failed to demonstrate good cause for early discovery or identify a limited or narrowly tailored discovery request.[14]  Recognizing that Mr. Anderson had previously been afforded two opportunities to amend his pleading, Judge Wells denied his request for additional time to conduct research and ordered that Mr. Anderson would have thirty days to respond to Defendants' pending motions.

In response, Mr. Anderson filed an Objection to Magistrate Decision and Order Denying Motion to Appoint Counsel, Denying Motion for Expedited Discovery, and Granting and Denying Plaintiff's Motions for Extension of Time.[15]  Mr. Anderson's principal objection is that Judge Wells erred in analyzing his Motion for Appointment of Counsel, because the Memorandum Decision does not discuss Federal Rule of Civil Procedure 23, and fails to give adequate guidance on when Mr. Anderson may again request the appointment of counsel.

---

[11] Dkt. Nos. 54, 61.
[12] *Id.*
[13] Dkt. No. 68, at 3-5.
[14] *Id.* at 6-7.
[15] Dkt. No. 69.

3

Mr. Anderson also filed another Motion for Extension of Time to Develop Additional Claims and Evidence Prior to Filing His Third Amended Complaint.[16] In this motion, Mr. Anderson described a series of encounters with local law enforcement, a pending State criminal proceeding, and his belief that a review of discovery material obtained in the course of the State proceeding would permit him to plead additional claims in a future Third Amended Complaint.[17] Similar to his earlier motions, Mr. Anderson's third request for an extension of time does not formally seek leave to amend or include a copy of a proposed Third Amended Complaint.

As of the date of this decision, Mr. Anderson has not filed an opposition to Defendants' motions. Approximately six months after the original filing date of their motions, Defendants filed a request to submit for decision.[18]

## ANALYSIS

**I. MOTION FOR EXTENSION OF TIME TO DEVELOP ADDITIONAL CLAIMS (DKT. 70)**

As a threshold matter, the court construes Mr. Anderson's motion as a request for additional time to respond to Defendants' motions to dismiss. Rather than formally request leave to amend his pleading, Mr. Anderson argues that he needs additional time to collect evidence for developing a Third Amended Complaint.[19] This interpretation is further supported by the fact that Mr. Anderson fails to specifically identify new claims or parties subject to his prospective amendment, or to include a copy of the proposed amended pleading, as required by local rules.[20]

---

[16] Dkt. No. 71.

[17] *Id.*

[18] Dkt. No. 78.

[19] Dkt. No. 70, at 17.

[20] *Id.* at 2-17; *see also* Fed. R. Civ. P. 15; DUCivR 7-1(b)(1).

As a result, the issue before the court is whether Mr. Anderson satisfies the standard for an extension of a briefing deadline. Under Rule 6 of the Federal Rules of Civil Procedure, a movant seeking a deadline extension prior to its expiration need only show "good cause" for the extension.[21] "Good cause" means "little more than there is a good reason for the action proposed to be taken" and can be satisfied by "a mere showing of good faith or lack of prejudice to the adverse party."[22] Ordinarily, the grant or denial of a deadline extension rests within the sound discretion of the trial court.[23]

Although Rule 6(b) embraces a liberal standard, the court concludes that Mr. Anderson has failed to show good cause for an indefinite extension to conduct discovery. Mr. Anderson fails to explain how additional discovery would facilitate his response to the motions to dismiss. Mr. Anderson appears to argue that discovery would inform a future motion for leave to amend his Second Amended Complaint. But he does not show how his additional research or evidence would be relevant to the claims before the court. This is especially problematic where the case has been pending for eighteen months, and the parties await a judicial determination of the legal sufficiency of Mr. Anderson's pleading. Moreover, Defendants, after waiting six months for a decision, would undoubtedly be prejudiced to the extent that additional discovery further delays the court's consideration of their motions. Accordingly, the court will not grant Mr. Anderson's request for an extension of time to develop additional claims and evidence.

While the court denies Mr. Anderson's request for an indefinite extension, the court will permit Mr. Anderson a <u>final</u> opportunity to file an opposition to the motions to dismiss and

---

[21] Fed. R. Civ. P. 6(b).

[22] *United States v. Real Prop. located at (Redacted) Layton, Utah 84040*, No. 1:07-CV-6-TS, 2010 WL 2787859, at *2 (D. Utah July 14, 2010).

[23] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-96 (1990).

motion to strike. For good cause, the court will order Mr. Anderson to file his response to the pending motions, if he elects to do so, no later than forty-five (45) days of the date of this Order. If Mr. Anderson elects to file a motion to amend his pleading, it will not delay the deadline for filing responses to the pending motions. The court will not receive or entertain any additional motions for extension of time to respond to the motions already pending before the court.

## II. OBJECTION TO MAGISTRATE JUDGE MEMORANDUM DECISION (DKT. 69)

Mr. Anderson objects to a Memorandum Decision and Order issued by Magistrate Judge Wells.[24] Where, as here, a party objects to a non-dispositive decision, trial courts must employ a "clearly erroneous or contrary to law" standard of review.[25] Under this deferential standard, the court will affirm a Magistrate Judge's ruling unless the court, exercising independent judgment, "is left with the definite and firm conviction that a mistake has been committed."[26]

Mr. Anderson raises five objections. Four of these objections are directed at the denial of Mr. Anderson's Motion for Appointment of Counsel, while the last is directed at language in the Memorandum Decision.[27] The court considers each group of objections in turn.[28]

Four of Mr. Anderson's objections are directed at Judge Well's analysis of his request for the appointment of counsel. Mr. Anderson argues that Judge Wells failed to account for Rule 23 of the Federal Rules of Civil Procedure when denying his request for appointment of counsel. Citing *Battle v. Anderson*, 376 F. Supp. 402, 407 (E.D. Okla. 1974), Mr. Anderson maintains that

---

[24] Dkt No. 69.

[25] Fed. R. Civ. P. 72(a).

[26] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (instructing trial court to evaluate "entire evidence" and evaluate issues with independent judgment).

[27] *Id.* at 5-8; *see also* Dkt. No. 24.

[28] Mr. Anderson does not raise any specific objections to the Memorandum Decision's discussion of his motions for limited discovery or the extension of time. Accordingly, the court does not reach those issues.

6

a pro se litigant may bring a cause of action on behalf of similarly situated individuals. Averring that counsel is only necessary in this case for the purpose of representing the putative class, Mr. Anderson states that he did not request appointment of counsel for himself. Mr. Anderson also argues that Judge Wells failed to identify when he may renew his Motion for Appointment of Counsel.

Ordinarily, a plaintiff proceeding *in forma pauperis* may seek the appointment of counsel under 28 U.S.C. § 1915. In such cases, the decision to appoint counsel falls within the sound discretion of the court.[29] In the Tenth Circuit, courts should consider "the merits of the litigant's claim, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[30] In this case, Judge Wells analyzed each of these factors, concluding that (a) Mr. Anderson asserted plausible claims, (b) the factual and legal issues were not overly complex, and (c) Mr. Anderson appeared to be well prepared, articulate, and capable of advancing his case.[31] After a careful review of the record and parties' briefing, the court concludes that Judge Wells's analysis of the motion under 28 U.S.C. § 1915 was not "clearly erroneous or contrary to law."[32]

Judge Wells also considered whether to grant Mr. Anderson's the request to appoint counsel under 42 U.S.C. § 3613(b)(1).[33] This statute permits a plaintiff to seek appointment of counsel in cases involving discriminatory housing practices.[34] For similar statutes, the Tenth

---

[29] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).
[30] *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).
[31] Dkt. No. 68, at 3-4.
[32] Fed. R. Civ. P. 72(a).
[33] Dkt. No. 68, at 4-5.
[34] 42 U.S.C. § 3613(b)(1).

7

Circuit has characterized the court's discretion as "extremely broad."[35] A plaintiff seeking appointment of counsel must make some showing of "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[36] Courts may also weigh the party's "capacity to present the case without counsel."[37] In this case, Judge Wells, evaluating each of these factors, found that (a) Mr. Anderson lacked the financial ability to afford counsel, (b) Mr. Anderson failed to present sufficient evidence of efforts to secure an attorney, (c) Mr. Anderson presented a colorable claim, and (d) Mr. Anderson appears to be well-equipped to present his case without the assistance of counsel. After reviewing the entire evidence in the record, this court cannot find that Judge Wells clearly erred in her application of 42 U.S.C. § 3613(b)(1).

Mr. Anderson nevertheless contends that Judge Wells erroneously failed to account for Rule 23 of the Federal Rules of Civil Procedure. But Rule 23 does not require the appointment of class counsel prior to the certification of a class.[38] Under the plain language of the rule, class counsel should be appointed after the court grants a litigant's motion to certify the class.[39] In this case, Mr. Anderson has not filed a motion to certify the class, nor has the court ruled on the issue. As a result, the absence of discussion in the Memorandum Decision neither demonstrates clear error, nor leaves the court with a "definite and firm conviction that a mistake has been committed."[40]

---

[35] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992); *see also Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1157 (D. Kan. 2001).

[36] *Castner*, 979 F.2d at 1421.

[37] *Id.*

[38] Fed. R. Civ. P. 23(c)(1)(B), (g).

[39] *Id.*; *Skinner v. Uphoff*, 175 F. App'x 255, 260 (10th Cir. 2006).

[40] *United States Gypsum Co.*, 333 U.S. at 395.

The court recognizes that Mr. Anderson may have intended to request interim counsel under Rule 23(g)(3).[41] Mr. Anderson correctly asserts that pro se plaintiffs have been permitted to pursue class certification.[42] In such cases, plaintiffs may seek appointment of interim counsel, a decision which rests within the discretion of the trial court.[43] As discussed above, Judge Wells analyzed a number of factors in favor and against the appointment of counsel. Her analysis reflects a careful consideration of Mr. Anderson's abilities, the merits of his claims, and the procedural posture of the case. Accordingly, the court will not conclude that a denial of Mr. Anderson's request for counsel constituted clear error, especially where Judge Wells invited Mr. Anderson to renew his request for appointment of counsel after the court's resolution of the pending motions to dismiss.[44]

Finally, Mr. Anderson objects to language in the Memorandum Decision instructing Mr. Anderson to comply with the local rules for the District of Utah and the Federal Rules of Civil Procedure when filing future motions with the court. While this language does not appear to have been germane to the analysis or outcome of the Memorandum Decision, the court finds that a passing observation on a pro se litigant's obligations does not constitute clear error.[45]

---

[41] Rule 23(g)(3) does not specifically appear in Mr. Anderson's original motion, the reply memorandum, or the objection. *See* Dkt. Nos. 24, 53, 69.

[42] Fed R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). The court notes that the decision relied upon by Mr. Anderson, *Battle v. Anderson*, 376 F. Supp. 402 (E.D. Okla. 1974), is distinguishable insofar as it does not stand for the proposition that a court must immediately appoint counsel for every pro se plaintiff with a class-action claim.

[43] *Id.*

[44] *See* Dkt. 69, at 8.

[45] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[The Tenth Circuit] has repeatedly insisted that pro se parties follow the rules of procedure that govern other litigants.").

**CONCLUSION**

For the reasons stated, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Extension of Time to Develop Additional Claims and Evidence Prior to Filing His Third Amended Complaint (Dkt. 70), and **OVERRULES** the Plaintiff's Objections to the Court's Memorandum Decision and Order Denying Motion to Appoint Counsel (Dkt. 69).

The court further **ORDERS** that Mr. Anderson file a response to the motions to dismiss and motion to strike, if he elects to do so, within forty-five (45) days of the date of this Order. If Mr. Anderson files a motion to amend pleading, it will not toll or delay the deadline for filing a response, if any, to the outstanding motions to dismiss.[46]

DATED this 27th day of June, 2014.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[46] Mr. Anderson recently filed a Motion for Leave to File Supplemental Briefing for his Motion for Extension of Time to Develop Additional Claims and Evidence Prior to Filing his Third Amended Complaint. (Dkt. 81.) After carefully reviewing the motion and attached exhibit, the court concludes that the proposed supplemental briefing will not be helpful to determining the merits of underlying motion. Accordingly, the Motion for Leave to File Supplemental Briefing is DENIED AS MOOT. (Dkt. 81.)