IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARY R. HERBERT, et al.,<br><br>　　　　Defendants. | **ORDER**<br><br>Case No. 2:13-CV-211<br><br>Judge Robert J. Shelby |

On October 22, 2014, Magistrate Judge Wells issued a Report and Recommendation in this long-delayed case relating to a number of motions: (1) Motion to Dismiss for Failure to State a Claim; (2) Motion to Strike Immaterial Allegations; (3) a second Motion to Dismiss for Failure to State a Claim; and (4) Motion for Leave to File Third Amended Complaint.[1] Judge Wells found that Plaintiff Michael T. Anderson's Amended Complaint failed to state a claim under the United States Constitution or the Fair Housing Act, and that Governor Gary R. Herbert was entitled to sovereign immunity. Judge Wells recommended the court grant the Motions to Dismiss, deny as moot the Motion to Strike Immaterial Allegations, and deny the Motion for Leave to File Third Amended Complaint.[2] After requesting and receiving an extension, Mr. Anderson filed an Objection to the Report and Recommendation.[3]

---

[1] Dkt. Nos. 37, 51, 57, 84, 95.

[2] Dkt. No. 95.

[3] Dkt. No. 98.

On November 25, 2014, Plaintiff Michael T. Anderson submitted a communication to the court, indicating that he no longer intended to file any additional briefing, and requesting that the court dismiss the case.[4]

The court construes Mr. Anderson's latest correspondence as a motion to dismiss without a stipulation of the parties and an expression of his intent to abandon this case.[5] Ordinarily, the court would be inclined to dismiss claims without prejudice where the court has not yet reached the merits of those claims. Here, however, the court is mindful of the procedural history of this case.[6] Mr. Anderson contributed to significant delay in resolving Defendants' Motions to Dismiss on the merits. After a year of resolving requests for amendment or extensions of time, Judge Wells reached the merits of Defendants' Motions and recommended dismissal with prejudice. In light of the circumstances, it would be unfair and prejudicial to Defendants if the court was to dismiss this case without prejudice. Accordingly, while the court GRANTS Mr. Anderson's motion to dismiss, the case is DISMISSED WITH PREJUDICE.

The court will also construe Mr. Anderson's correspondence as a request to withdraw his Objection to the Report and Recommendation.[7] In the absence of an objection, this court may review a magistrate judge's decision under a "clear error" standard.[8] After reviewing the record, the relevant briefing, and the Report and Recommendation, the court concludes that Judge Wells's analysis and recommendation is not clearly erroneous or contrary to law. Accordingly, as an alternative basis for dismissal, the court ADOPTS the Report and Recommendation.

---

[4] Dkt. No. 99.

[5] *See* Fed. R. Civ. P. 41(a).

[6] *See* Dkt. Nos. 68, 83, 95 (describing procedural history of the case).

[7] *See* Dkt. No. 99, at 4.

[8] *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 advisory committee's note.

Because this case has been DISMISSED WITH PREJUDICE, the Clerk of Court is directed to close the case and terminate any pending motions.

SO ORDERED this 1st day of December, 2014.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge